## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RONALD G. SPARKS,           )
                                 )
           **Plaintiff,**         )
                                 )
          v.                )  **Civil Case No. 05-0041 (RJL)**
                                 )
**UNITED STATES,**           )
                                 )
           **Defendant.**       )
                                 )

### MEMORANDUM OPINION AND ORDER
(February 23, 2006) [#7, 8, 11]

The plaintiff, Ronald G. Sparks, brings this breach of contract action alleging, in essence, that while incarcerated in the Western District of Texas, an officer of the Federal Bureau of Prisons improperly confiscated 159 of the plaintiff's stamps used for legal mailing. (Pl.'s Complaint at 2-3.) Plaintiff seeks damages of $258.83 to cover the cost of the stamps and costs related to the filing of this litigation. (*Id.* at 29.) Before the Court are the defendant's Motion to Dismiss, Motion for Summary Judgment and/or Motion to Transfer. For the following reasons, the Court GRANTS the defendant's Motion to Transfer the action to the Western District of Texas.

Title 28 of the United States Code section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1402(b). In *Starnes v. McGuire,* our Circuit Court set forth the factors to consider when deciding whether to transfer a civil action brought by a prisoner incarcerated outside the District of Columbia. 512 F.2d 918, 929-33 (D.C. Cir. 1974). These factors are: 1) the prisoner's difficulty of communication with counsel; 2)

the difficulty of transferring the prisoner; 3) the availability of witnesses and files; 4) the speed of final resolution; and 5) whether the case involves issues of national policy that require the testimony of high-level administrators located in Washington, D.C. *Id.*

All of these factors strongly suggest a transfer in this case. The allegations concern conduct that allegedly occurred in the Western District of Texas, where the plaintiff was incarcerated and where any witnesses would be located. Moreover, this case is not a national security case that would necessitate the testimony of certain high-level U.S. government officials located here in Washington, D.C. Therefore, this Court finds that it would be in the interest of justice for this action to be adjudicated in the Western District of Texas.

## CONCLUSION

Accordingly, the Court GRANTS defendant's Motion to Transfer [#8] the case to the Western District of Texas. An appropriate Order consistent with this ruling accompanies this Memorandum Opinion.

## ORDER

For the reasons set forth in the Memorandum Opinion above, it is this 23rd day of February, 2006, hereby

**ORDERED** that the Motion to Transfer [# 8] is **GRANTED**; and it is further

**ORDERED** that the case be transferred to the Western District of Texas.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

2